UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND, WELFARE
FUND, ANNUITY FUND, AND APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, et al.,

        Petitioners,

                17 Civ. 3746 (DAB)
                MEMORANDUM & ORDER

  v.

A.J.S. PROJECT MANAGEMENT, INC.,

        Respondent.
------------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

  On May 18, 2017, Petitioners Trustees Of The New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees Of The New York City Carpenters Relief and Charity Fund; New York City and Vicinity Carpenters Labor-Management Corporation; and New York City District Council of Carpenters[1] filed a Petition to Confirm an

---

[1] The Court refers to Trustees Of The New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees Of The New York City Carpenters Relief and Charity Fund; and New York City and Vicinity Carpenters Labor-Management Corporation collectively as the "Funds." It refers to New York City District Council of Carpenters as the "Union."

Arbitration Award against Respondent A.J.S. Project Management, Inc. This case arises under the Employment Retirement Income Security Act, 29 U.S.C. § 1132(a)(3); the Labor Management Relations Act, 29 U.S.C. § 1985; and the Federal Arbitration Act, 9 U.S.C. § 9, to confirm and enforce an Arbitration Award stemming from a dispute over contributions pursuant to a collective bargaining agreement. Petitioners seek affirmation of the Award of $39,603.43 in total plus additional fees, costs, and interest. For the following reason, the Petition is AFFIRMED.

I. BACKGROUND

Respondent performed carpentry work between 2012 and 2013 pursuant to the New York City School Construction Authority Project Labor Agreement ("SCA LPA").[2] (Pet. ¶ 8.) Under the SCA LPA, Respondent became bound to the Union's Independent Building Construction Agreement (the "IBC CBA")[3] and the Trust Agreements of the Funds.[4] (Pet. ¶ 9, SCA PLA Art. 11 § 2(B).) Pursuant to the IBC CBA and the SCA PLA, Respondent was required to remit contributions to the Funds when it performed SCA PLA work within

---

[2] Attached as Exhibit A to Exhibit 1 to the Petition, Affidavit of John Sheehy ("Sheehy Affidavit").

[3] Attached as Exhibit B to Sheehy Affidavit.

[4] Attached as Exhibit C to Sheehy Affidavit.

2

the scope and geographic jurisdiction of the Union. (Pet. ¶ 9; SCA LPA Art. 11 § 2(A); IBC CBA Art. XV.)

The IBC CBA provides that "in the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to [the] Funds, and if such arbitration renders an award in favor of [the] Funds, the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under the [IBC CBA] and [the Funds' Trust Agreements]." (Pet. ¶ 10; IBC CBA Art. XV § 6(a)(6); <u>see also</u> SCA LPA Art. 9.)

Under the IBC CBA Trust Agreements, the Funds are authorized to collect interest, liquidated damages, and attorneys' fees and costs. (Pet. ¶ 11-13; IBC CBA Art. V § 6(a); Trust Agreements Arts. XV § 2(a), VII § 1(29); Policy[5] § 5.)

Following the work under the SCA PLA, the parties disputed the classification of certain workers and whether, pursuant to those classifications, contributions were owed by Respondent. (Pet. Ex. 2 ("Arbitration Award") at 1-12.[6]) Details of the dispute and classifications are set forward in detail in the Opinion and Award of Arbitrator. (<u>Id.</u>)

---

[5] Attached as Exhibit D to Sheehy Affidavit and incorporated by reference pursuant to Trust Agreement Art. VII § 1(29).

[6] Page 5 of the Arbitration Award is missing from the document submitted to the Court.

The Funds submitted the dispute to arbitration in accordance with the IBC CBA's arbitration clause. (Id. at 1-2; Pet. ¶ 10; IBC CBA Art. XV § 6(a)(6); see also SCA LPA Art. 9.) Respondent disputed Petitioners' audit findings in the arbitration. (Arbitration Award at 3-8.) The Arbitrator found that, while six of Respondent's employees performed work covered by the IBC CBA, some of the disputed work was actually misclassified pursuant to a clerical error. (Id. at 13-14; Pet. ¶ 21.) The Arbitrator ultimately order Respondent to pay to the Funds delinquent contributions of $17,510.60, interest of $2,588.29, a liquidated assessment of $3,529.66, and a promotional fund of $3.36 plus $4,663.16 in audit costs, $5,460.93 in attorney's fees, and $5,500 in arbitrator costs, for a total of $39,603.43. (Arbitration Award at 14-15; Pet. ¶ 22.) The Arbitrator also found that interest of 5.25% would accrue on the Award from the date of its issuance. (Arbitration Award at 15; Pet. ¶ 23.)

Petitioners filed the instant case on May 18, 2017. In addition to confirmation of the Arbitration Award, they seek $1,490.00 in attorneys' fees, $75.00 in costs, and post-judgment interest. (Pet. at 7-8.) Although it was served on May 26, 2017 via the New York State Secretary of State (ECF No. 7), Respondent has not appeared in this action or otherwise responded to the Petition. On August 3, 2017, Petitioners filed

4

an ECF letter requesting that the Petition be treated as an unopposed Motion for Summary Judgment. (ECF No. 8.)

II. Discussion

   A. Federal Arbitration Act

Under the Federal Arbitration Act, the Court must affirm the award "unless the award is vacated, modified." 9 U.S.C. § 9. "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Arbitration awards are subject to very limited review," Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993), with the party moving to vacate the award carrying the burden of proof. D.H. Blair, 462 F.3d at 110. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." Id.; see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc., No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where . . . there is no indication that the arbitration decision was made

arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").

B. Legal Standard for Summary Judgment Motion

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." D.H. Blair, 462 F.3d at 110.

A court should grant summary judgment where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Genuine issues of material fact cannot be created by conclusory allegations. Victor v. Milicevic, 361 F. App'x 212, 214 (2d Cir. 2010). Summary judgment is appropriate only when, after drawing all reasonable inferences in favor of a nonmovant, no reasonable juror could find in favor of that party. Melendez v. Mitchell, 394 F. App'x 739, 740 (2d Cir. 2010).

In assessing when summary judgment should be granted, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). The nonmovant may not rely upon speculation or

conjecture to overcome a motion for summary judgment. Burgess v. Fairport Cent. Sch. Dist., 371 F. App'x 140, 141 (2d Cir. 2010). Instead, when the moving party has documented particular facts in the record, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." F.D.I.C. v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010). Establishing such evidence requires going beyond the allegations of the pleadings, as the moment has arrived "to put up or shut up." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Fleming James, Jr. & Geoffrey C. Hazard, Jr., Civil Procedure 150 (2d ed. 1977)).

C. Confirmation of the Arbitration Award

The Court has conducted a limited review of the SPC LPA, IBC CBA, Trust Agreements, and the Arbitration Award. The arbitrator was acting within the scope of his authority, as granted to him by those agreements. (IBC CBA Art. XV § 6(a)(6); see also SCA LPA Art. 9.) The Arbitrator evaluated both Petitioners' and Respondent's positions, ultimately concluding that Respondent's explanation for excluding certain employees was based on a clerical error. (Arbitration Award at 13-14.) He found, after reviewing records associated with the individual workers in question, that "all were performing laborer work,

7

except for six carpenter members, who in limited part did perform carpentry duties consistent with the schedule of values, and for which fringe benefit contributions are due and owing." (Id. at 14.) Accordingly, there is much more than a "barely colorable justification" for the Arbitrator's conclusions. See D.H. Blair, 462 F.3d at 110. Thus, based on the record provided, together with the appropriate narrow level of review, the Court finds that there is no disputed material issue of fact and confirms the arbitration award.

### D. Attorneys' Fees and Costs

The IBC CBA provides that, "[i]n the event that formal proceedings are instituted before a court of competent jurisdiction by [the Funds] to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the [Respondent] shall pay[,]" among other things, "reasonable attorney's fees and costs of the action." (IBC CBA Art. XV § 6(a).) The Funds' Collection Policy also provides for an award of attorneys' fees and costs against a delinquent employer for time spent by counsel in collection efforts. (Policy § 5.)

The starting point in analyzing whether claimed attorneys' fees are reasonable is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the

case." Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011). "[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Abondolo v. H. & M. S. Meat Corp., No. 07 CIV. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases). In order to support their request for attorney's fees, Petitioners must submit "contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

Given that Respondent has not abided by the arbitration award and has failed to participate in this action, the Court finds an award of attorneys' fees and costs is appropriate. Petitioners were represented by Virginia and Ambinder, LLP ("V&A") and have submitted copies of V&A's contemporaneous billing records. Petitioners seek $900.00 for 3 hours worked by Todd Dickerson, who is Of Counsel at V&A, at a rate of $300.00 per hour. (Pet. ¶ 29; Pet. Ex. 4.) They also seek $590.00 for 5.9 hours worked by Joel Goldenberg, who is a third-year law student and V&A legal assistant, at a rate of $100.00 per hour. (Pet. ¶ 30; Pet. Ex. 4.)

Other judges in this District have found that $100.00 per hour is reasonable for legal assistants. Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Golden Dev. & Constr. Corp., No. 17-CV-1051 (VSB)(JLC), 2017 WL 2876644, at *5 (S.D.N.Y. July 6, 2017), report and recommendation adopted, 2017 WL 3309737 (S.D.N.Y. Aug. 2, 2017). The Court finds that that rate was reasonable for the work by Joel Goldenberg, particularly in light of the fact that he is also a law student and doing work that might otherwise be done by an attorney. The number of hours he worked was also reasonable. However, other courts in this District have found that a $300.00 hourly rate for an attorney who has been practicing for four years is unreasonable and that an "Of Counsel" title does not warrant an increase from $225.00 per hour to $300.00 per hour. See id. (collecting cases and awarding a $225.00 rate to Todd Dickerson in July 2017). Accordingly, the Court finds it appropriate to reduce Todd Dickerson's rate to $225.00 per hour but finds that the 3 hours allotted was reasonable. The Court thus awards a total of $1,265.00 to Petitioners for attorneys' fees.

Petitioners also seek to recover $75.00 in service fees in connection with this case. (Pet. ¶ 35.) "Recovery of such costs is routinely permitted." N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc., No. 1:16-CV-1115-GHW, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting

cases). The Court thus awards $75.00 to Petitioners for costs incurred.

III. CONCLUSION

For the foregoing reasons, the Petition to Confirm the Arbitration Award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount $39,603.43, attorneys' fees of $1,265.00, and costs of $75.00, with interest to accrue at the annual rate of 5.25% from the date of the Judgment.

SO ORDERED.

DATED: New York, NY
November 14, 2017

*Deborah A. Batts*
Deborah A. Batts
United States District Judge

11